**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 26-cr-329** |
| **QUAL-TRAN PRODUCTS COMPANY LLC** | : | |

**GUILTY PLEA AGREEMENT**

Under Rule 11 of the Federal Rules of Criminal Procedure, the government, the defendant, and the defendant's counsel enter into the following guilty plea agreement. Any reference to the United States or the government in this agreement shall mean the Antitrust Division of the United States Department of Justice and the Office of the United States Attorney for the Eastern District of Pennsylvania.

1. The defendant agrees to plead guilty to Count One of an information, waiving prosecution by indictment, charging it with conspiring to restrain trade, in violation of 15 U.S.C. § 1, arising from an agreement to rig bids submitted to a public transportation authority. The defendant further acknowledges its waiver of rights, as set forth in the attachment to this agreement.

2. The defendant understands, agrees, and has had explained to it by counsel that the following statutory maximum sentences apply in this case: For Count One, charging a conspiracy to restrain trade in violation of 15 U.S.C. § 1, a term of probation of at least one year, but not more than five years; a fine of the greatest of $100,000,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant

resulting from the offense; and a $400 special assessment. Restitution to the victim of the offense also may be ordered.

3. The government may:

a. Make whatever sentencing recommendation as to fines, forfeiture, restitution, and other matters which the government deems appropriate.

b. Comment on the evidence and circumstances of the case; bring to the Court's attention all facts relevant to sentencing including evidence relating to dismissed counts, if any, and to the character and any criminal conduct of the defendant; address the Court regarding the nature and seriousness of the offense; respond factually to questions raised by the Court; correct factual inaccuracies in the presentence report or sentencing record; and rebut any statement of facts made by or on behalf of the defendant at sentencing.

c. Nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters.

4. In order to facilitate the collection of the criminal monetary penalties to be imposed in connection with this prosecution, the defendant agrees fully to disclose all income, assets, liabilities, and financial interests, held directly or indirectly, whether held in its own name or in the name of another person or entity, and whether held in this country or outside this country. Accordingly:

a. The defendant will submit a completed Financial Statement of Debtor to the government, in a form it provides and as it directs, within 14 days of execution of this plea agreement. The defendant promises that its financial statement and disclosures will be complete, accurate, and truthful.

b. The defendant expressly authorizes the government to obtain a credit report on it in order to evaluate the defendant's ability to satisfy any monetary penalty imposed by the Court.

c. Upon request by the government, the defendant also agrees to provide all documents within the defendant's possession or control as requested by the government regarding the defendant's financial resources.

d. The defendant agrees not to transfer, assign, dispose, remove, conceal, pledge as collateral, waste, or destroy property with the effect of hindering, delaying, or defrauding the United States or victims. The defendant otherwise shall not devalue any property worth more than $1,000 before sentencing, without the prior approval of the United States.

e. The defendant also agrees to execute any documents necessary to release any funds held in any repository, bank, investment, other financial institution, or any other location in order to make partial or total payment toward any monetary penalty that the Court may impose.

f. If the defendant fails to comply with this paragraph of the plea agreement or if any of the defendant's representations pursuant to the requirements set forth in this paragraph are false or inaccurate, the government may elect to: void this agreement and/or argue that the defendant is not entitled to a downward adjustment for acceptance of responsibility under Guidelines Section 8C2.5(g)(2).

5. The defendant agrees to pay restitution of $26,684.18. The defendant agrees that any restitution or fine imposed by the Court shall be due and payable immediately, and on such terms and conditions that the Court may impose. In the event the Court imposes a schedule for the payment of restitution or fine, the defendant understands and agrees that such a schedule

represents a minimum payment obligation and does not preclude the government from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation under applicable federal and/or state law.

6. The defendant agrees that restitution, fine, assessment, tax, interest, or other payments in this case do not constitute extraordinary acceptance of responsibility or provide any basis to seek a downward variance from the applicable Sentencing Guidelines Fine Range.

7. The defendant agrees to pay the special victims/witness assessment in the amount of $400 before the time of sentencing and shall provide a receipt from the Clerk to the government before sentencing as proof of this payment.

8. The defendant may not withdraw its plea because the Court declines to follow any recommendation, motion, or stipulation by the parties to this agreement. No one has promised or guaranteed to the defendant what sentence the Court will impose.

9. Pursuant to U.S.S.G. § 6B1.4, the parties enter into the following stipulations under the Sentencing Guidelines Manual. It is understood and agreed that: (1) the parties are free to argue (except as stated below) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, and adjustments; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed:

a. The parties agree and stipulate that pursuant to U.S.S.G. § 2R1.1(a), the base offense level is 12.

b. The parties agree and stipulate that pursuant to U.S.S.G. § 2R1.1(b)(1),

one level is added because the conduct involved participation in an agreement to submit non-competitive bids.

c. The parties agree and stipulate that pursuant to U.S.S.G. § 2R1.1(b)(2), two levels are added because the volume of commerce attributable to the defendant was more than $1,000,000 but less than $10,000,000.

d. The parties agree and stipulate that pursuant to U.S.S.G. §§ 8C2.4(b) and 2R1.1(d), the base fine is $266,841.82, which is 20% of the current estimate of the volume of commerce.

e. The parties agree and stipulate that pursuant to U.S.S.G. § 8C2.5(a), the total is five.

f. The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct, making the defendant eligible for a two-level downward adjustment under U.S.S.G. § 8C2.5(g)(2).

g. The parties agree and stipulate that pursuant to U.S.S.G. § 2R1.1(d)(2) and U.S.S.G. § 8C2.6, the fine multiplier range is 0.75 to 1.20.

h. The parties agree and stipulate that, based on the above, the defendant's stipulated fine range is $200,131.37 to $320,210.18 (the "Sentencing Guidelines Fine Range").

10. Subject to compliance with all the terms of the guilty plea agreement, including the sealed supplement, the government agrees that it will not bring further criminal charges against the defendant for any act or offense committed before the date of signature of the plea agreement that was undertaken in furtherance of an antitrust conspiracy involving bid-rigging on requisitions for the Southeastern Pennsylvania Transportation Authority ("SEPTA").

11. In exchange for the promises made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to file any appeal, any collateral attack, or any other writ or motion that challenges the defendant's conviction, sentence, or any other matter relating to this prosecution, including any assessment or restitution, whether such an appeal, collateral attack, or other writ or motion arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. As part of this knowing and voluntary waiver of the right to challenge the conviction and sentence, the defendant expressly waives the right to raise on appeal or on collateral review any argument that (1) the statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute.

a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of its sentence.

b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal or petition for collateral relief but may raise only a claim, if otherwise permitted by law in such a proceeding:

i. that the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 2 above;

ii. challenging a decision by the sentencing judge to impose an "upward variance" above the final Sentencing Guidelines range determined by the Court; and

iii. that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel.

If the defendant does appeal or seek collateral relief pursuant to this subparagraph (b), no issue may be presented by the defendant in such a proceeding other than those described in this subparagraph (b).

12. The defendant acknowledges that pursuing an appeal or any collateral attack waived in the preceding paragraph may constitute a breach of this plea agreement. The government recognizes that the mere filing of a notice of appeal is not a breach of the plea agreement. The government may declare a breach only after the defendant or its counsel thereafter states, either orally or in writing, a determination to proceed with an appeal or collateral attack raising an issue the government deems barred by the waiver. The parties acknowledge that the pursuit of an appeal constitutes a breach only if a court determines that the appeal does not present an issue that a judge may reasonably conclude is permitted by an exception to the waiver stated in the preceding paragraph or constitutes a "miscarriage of justice" as that term is defined in applicable law.

13. The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

14. The defendant will acknowledge acceptance of this plea agreement by the signature of its counsel and of a responsible corporate officer. The defendant shall provide to the

government for attachment to this plea agreement a notarized document from a responsible corporate officer authorizing the corporation to enter a plea of guilty.

15. The defendant is satisfied with the legal representation provided by the defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement; and the defendant is agreeing to plead guilty because the defendant admits that it is guilty.

16. The parties have also entered a supplemental agreement that is filed under seal. It is agreed that the parties' guilty plea agreement, along with the sealed supplement, presents the entire agreement of the parties with regard to the defendant's guilty plea and sentence. The parties agree that neither has made any additional promise, agreement, or understanding other than those set forth in this written guilty plea agreement and the sealed supplement, and that no additional promises, agreements, or understandings will be entered into unless in writing and signed by all parties.

17. The defendant will acknowledge acceptance of this plea agreement by the signature of its counsel and of a responsible corporate officer.

DAVID CHU
Acting Chief, New York Office
U.S. Department of Justice, Antitrust Division

DAVID METCALF
United States Attorney
Eastern District of Pennsylvania

Cathleen Shive

CATHLEEN SHIVE, on behalf of
QUAL-TRAN PRODUCTS
COMPANY LLC
Defendant

FORTUNATO N. PERRI, JR., ESQ.
Counsel for the Defendant

Date: 7/14/26

DAVID CHU, Acting Chief
New York Office, Antitrust Division
Matthew Nikic, Assistant Chief
Stephanie Raney, Trial Attorney
Sarah McKani, Trial Attorney
Daniel Kozimbo, Trial Attorney

Salvatore L. Astolfi

SALVATORE L. ASTOLFI, Chief,
Criminal Division
Eileen Castilla Geiger, Assistant United
States Attorney

**Attachment**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO.** |
| **QUAL-TRAN PRODUCTS COMPANY LLC** | **:** | |

**ACKNOWLEDGMENT OF RIGHTS**

Qual-Tran Products Company LLC ("Qual-Tran") hereby acknowledges that it has certain rights that it will be giving up by pleading guilty.

1. Qual-Tran understands its rights:

   (a) to be represented by an attorney;

   (b) to be charged by Indictment;

   (c) to plead not guilty to any criminal charge brought against it;

   (d) to have a trial by jury, at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

   (e) to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

   (f) to appeal its conviction if it is found guilty; and

   (g) to appeal the imposition of sentence against it.

2. Qual-Tran knowingly and voluntarily waives:

   (a) the rights set out in subparagraphs 1(a)-(g) above;

(b) the right to file any appeal or collateral attack that challenges its conviction, including but not limited to any appeal or collateral attack raising any argument that (1) the statute to which it is pleading guilty is unconstitutional or (2) the admitted conduct does not fall within the scope of such statute; and

(c) the right to file any appeal or collateral attack, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b).

Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct. Under Rule 7(b) of the Federal Rules of Criminal Procedure, the defendant will waive indictment and plead guilty to a one-count Information in the form attached to be filed in the United States District Court for the Eastern District of Pennsylvania. The Information will charge the defendant with conspiring to restrain trade, in violation of 15 U.S.C. § 1, arising from an agreement to rig bids submitted to the Southeastern Pennsylvania Transportation Authority ("SEPTA"), a public transportation authority.

3. The defendant will plead guilty to the criminal charge described in Paragraph 2 under the terms of this Plea Agreement and will make a factual admission of guilt to the Court in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

CATHLEEN SHIVE, on behalf of QUAL-TRAN PRODUCTS COMPANY LLC
Defendant

FORTUNATO N. PERRI, JR., ESQ.
Counsel for the Defendant

Dated: 7/14/26